UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Andrew Taylor Jr., *formerly #165478*, | ) C/A No. 2:12-2371-CMC-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| The Federal Magistrate Judge, Mr. Bristow Marchant, of the Federal Court of Charleston, South Carolina, | ) |
| Defendant. | ) |

Petitioner, proceeding *pro se,* seeks federal habeas relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. As Petitioner does not allege he is in custody on a state court conviction, this Court is without subject matter jurisdiction over the petition.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent

standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Petitioner has submitted a number of documents, including a court-approved form used to challenge state court convictions under 28 U.S.C. § 2254. It is very difficult for the Court to discern exactly what relief Petitioner seeks, as he uses a very unique writing style, which appears to be a stencil of some form of archaic alphabet. As his writing is very difficult to decode, much of Petitioner's meaning is lost in translation. From an attachment to the petition, it appears that Mr. Taylor believes that if he can convince the Court to change venue in his previous § 2254 case, C/A No. 9:10-848, and another case which appears to be a state case, that will somehow constitute permission to file a successive 2254. He says in the attachment: "In this matter an law of matter respectfully at this [illegible] to ask the federal magistrate judge of federal magistrate court to please grant petitioner the right to have his additional federal petition for federal habeas corpus be process by your court base on a change of venue to (the cases listed)." ECF No. 1-2, at 9.

The proper vehicle for challenging state court convictions is 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, the habeas corpus statute requires that a petitioner be "in custody" under the conviction or sentence under attack when the habeas petition is filed:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

The 'in custody' requirement is jurisdictional, and 'requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-91). As Petitioner does not appear to be in prison on a state court conviction, and he has not alleged that he is in custody, he is not "in custody" under § 2254. Therefore, this Court lacks subject matter jurisdiction to entertain his petition.[1]

Recommendation

---

[1] Although Plaintiff attempts to bring a petition pursuant to § 2254, he names "Mr. Bristow Marchant, The Federal Magistrate Judge of the Federal Court of Charleston South Carolina" as the Respondent. To the extent the instant action is an attempt to bring an action pursuant to 42 U.S.C. § 1983 against Judge Marchant, the action fails for the reasons set forth in Taylor v. Marchant, C/A No. 2:12-cv-01512-CMC.

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. **Petitioner's attention is directed to the important notice on the next page**.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate

September 6, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).